Tyree J. **DABNEY**, aka Tyree Jamal Dabney, Petitioner—Appellant,

v.

G.J. **GIURBINO**, Warden, Respondent— Appellee.

No. 03–55882.

D.C. No. CV–02–06195–WMB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

William S. Harris, Stewart & Harris, South Pasadena, CA, for Petitioner–Appellant.

Rama R. Maline, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before GOODWIN, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM**

California state prisoner Tyree J. Dabney appeals from the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Dabney contends that the California Court of Appeal's determination that he knowingly and voluntarily waived his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), was objectively unreasonable under 28

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S.C. § 2254(d)(1). We disagree. The state court's determination that Dabney's waiver was valid and was not an unreasonable application of Supreme Court law. *See Fare v. Michael C.,* 442 U.S. 707, 726–27, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). To the extent Dabney is contending that the California Court of Appeal erred by failing to find that he labored under a mistaken belief, that contention fails because he has not rebutted the presumption of correctness that applies to this factual finding by the state court. *See Collazo v. Estelle,* 940 F.2d 411, 416 (9th Cir.1991) (en banc).

Dabney next contends that the Court of Appeal's determination that his interrogation lawfully continued after he inquired whether counsel would be appointed "in the long run" was contrary to clearly established federal law because the facts in his case are materially indistinguishable from those in *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). This contention fails because Dabney's statement was materially distinguishable from the statement by the petitioner in *Edwards* that, "I want an attorney before making a deal." 451 U.S. at 479, 101 S.Ct. 1880. Moreover, the state court's determination was not an unreasonable application of Supreme Court law because a reasonable police officer under the circumstances would not have understood Dabney's statement to be an unambiguous request for an attorney. *See Davis v. United States,* 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.